Filed 10/27/15  Conservatorship of Sue B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| Conservatorship of the Person and Estate of SUE B. | C078107 |
| ROY C., | (Super. Ct. No. PP20140147) |
| Petitioner and Respondent, | |
| v. | |
| WILLIAM C., | |
| Objector and Appellant; | |
| KATHERINE CAIN, as Conservator, etc., | |
| Respondent. | |

William C., adult son of conservatee Sue B., appeals from an order appointing a professional fiduciary probate conservator of the person and estate of Sue.[1]  On appeal,

---

[1]     To preserve the confidentiality of the conservatee, the parties are referred to by their first names.

1

he purports to raise a number of issues relative to Sue's rights. Specifically, that as the proposed conservatee, Sue had a right to an evidentiary hearing, had to attend the hearing, had a right to legal representation, and should have her wishes honored. In addition, he also contends the presumption of competency must be overcome by clear and convincing evidence, and additional conservator powers should not be automatically granted. We find that William does not have standing to raise these claims. William also claims the trial court erred in denying his requests for an evidentiary hearing. We find on the facts of this case, William was not entitled to such a hearing. Accordingly, we affirm.

BACKGROUND

In September 2014, Roy C., another adult son of conservatee, filed a petition for the appointment of a probate conservator of the person and estate of Sue. (Prob. Code,[2] § 1820.) The petition also sought a determination that Sue lacked capacity to consent to medical treatment, orders relating to the conservator's powers, and order for dementia placement or treatment. The petition was supported by capacity declarations from two medical doctors and a nurse practitioner, each of whom concluded Sue has dementia.

Sue filed an objection to the petition. She objected to the appointment of a conservator. But, if a conservator had to be appointed, she requested it be William. William also filed an objection to the conservatorship petition. William objected to the petition on the grounds that: (1) the medical capacity declarations did not comply with the statutory requirements; (2) an attorney had not been appointed for Sue; (3) the petition ignored Sue's wishes to have him designated as her conservator; (4) the U.S. Department of Veterans Affairs was not on notice of the proceedings; and, (5) the petition sought overly broad powers for the conservator.

---

[2] Undesignated statutory references are to the Probate Code.

2

The trial court held a hearing on the petition in October 2014. Sue's counsel appeared at the hearing. William indicated he had spoken with Sue the morning of the hearing, and despite his recommendation, she decided not to attend the hearing.

At the hearing, William reiterated his objection that the capacity declarations did not comply with the statutory requirements that the declaring physicians have at least two years' experience in completing capacity declarations. The court asked if William was requesting an evidentiary hearing. William indicated he was. William then reiterated his objection that the powers being requested were too broad and that the U.S. Department of Veterans Affairs had not received notice of the proceedings. Roy's counsel provided the notices of hearing with the proofs of service, showing the U.S. Department of Veterans Affairs had been served. The court then again stated, "It sounds like we need to set this matter for a hearing." William did not respond. After further discussion and a brief recess, Roy's counsel and Sue's counsel provided William with the correct legal authority and he conceded that the capacity declarations were competent. William requested a brief continuance to allow the declaring physicians to check a box on the form, so the form was "completed properly or fully." The court found the matter did not have to be continued to have the declaring physicians check a particular box.

The trial court noted the recommendation in the investigative report was for a private fiduciary, Katherine Cain, to be appointed as the conservator. The court indicated its inclination to appoint Cain and asked if there were "any concern[s] by any party that has not already been expressed, I would ask anyone who has some concern with that order, to go ahead and let me know what their concern is." William stated he was not aware of Cain's qualifications, and expressed concerns as to whether she could be an objective and unbiased fiduciary. Roy's counsel noted Cain's qualifications had been filed with the court. The court appointed Cain as the conservator.

Twice more William expressed his objection to the petition as being overbroad and requested an evidentiary hearing on the petition. The court did not expressly rule on

3

the requests, but implicitly denied them. The court ordered the conservatorship, granted the request that Cain be appointed as the conservator of the estate and the person, and granted the conservator the additional requested powers.

DISCUSSION

I

*Standing*

"An appeal may be taken only by a party who has standing to appeal. [Citation.] This rule is jurisdictional." (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.) "Only a party 'aggrieved' is entitled to appeal. (Code Civ. Proc., § 902; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 181, p. 237 et seq.)" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 827.) A party is legally aggrieved for appeal purposes only if his or her rights or interests are "injuriously affected" by the judgment. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737; *Crook v. Contreras* (2002) 95 Cal.App.4th 1194, 1201.) The rights or interests "injuriously affected" must be " ' "immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*County of Alameda*, at p. 737; *Howard Contracting, Inc. v. G. A. MacDonald Construction Co.* (1998) 71 Cal.App.4th 38, 58.) A right to participate in the underlying proceedings and taking an adverse position to the ruling does not establish standing, without a showing that the party's personal rights are affected by a ruling. (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 68-69; *In re J.T.* (2011) 195 Cal.App.4th 707, 717.) "[I]f a party has no standing to appeal, this court has no jurisdiction to consider the appeal." (*Estate of Bartsch* (2011) 193 Cal.App.4th 885, 890.)

On appeal, William contends Sue was denied her rights to an evidentiary hearing, to attend the hearing, to have legal representation, and to have her wishes regarding the appointment of a conservator honored. He also complains the capacity declarations were invalid, and therefore the presumption of competency was not overcome by clear and convincing evidence, and Sue's due process rights were violated by granting additional

4

powers to the conservator. William has not identified any of his own rights or interests which are injuriously affected by the conservatorship order. His claims of error relate to alleged deprivations of Sue's rights. However, William lacks standing to assert errors that injuriously affect only Sue, a nonappealing party. William's status as Sue's son does not confer standing to appeal on her behalf. (*Conservatorship of Gregory D.*, *supra*, 214 Cal.App.4th at pp. 68-69.) These claims are dismissed.

II

*Evidentiary Hearing*

William also contends upon filing his objection to the appointment of the conservator, he was entitled to an evidentiary hearing. We disagree.

Section 1829, subdivision (c) granted William the right to appear at the hearing and oppose the petition. That does not, in and of itself, grant him the right to an evidentiary hearing. William cites sections 1000, 1827, and 2100 to support this claimed right. Sections 1000 and 2100 provide that except as otherwise provided in the Probate Code, probate proceedings shall be tried in accordance with the trial of civil actions. Section 1827 provides that the proposed conservatee is entitled to a jury trial upon demand. This authority does not afford William an automatic right to an evidentiary hearing on the conservatorship simply because he opposed the conservatorship petition and the proposed conservator.

William did not make any colorable claim objecting to the admissibility of evidence supporting the petition.[3] William did not offer any evidence to support his opposition of the petition or proposed conservator. William did not suggest the existence of a dispute as to any material fact as to Sue's right to remain free of a conservatorship.

---

[3] At best, William purported to object to the capacity declarations. However, he withdrew that objection when it was pointed out to him that the declarations complied with the statutory requirements.

In the absence of such a showing, the trial court properly denied his request for an evidentiary hearing. (See *Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1307-1308; *Estate of Lensch* (2009) 177 Cal.App.4th 667, 673.) And, without having made an evidentiary proffer, he cannot now criticize the trial court for ruling on the petition without an evidentiary hearing. (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 951.) Moreover, it is the appellant's burden to show error on appeal, and William's briefs make no argument and identify no evidence that suggest the trial court erred in denying his requests for an evidentiary hearing. (See *Conservatorship of Hume* (2006) 140 Cal.App.4th 1385, 1393-1394.) Accordingly, we find no error.[4]

DISPOSITION

The orders of the trial court are affirmed. Respondent shall recover costs on appeal.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Butz, J.

---

[4]  Respondent filed a motion to strike William's reply brief. This motion is denied.

6